FILED IN MY OFFICE
DISTRICT COURT CLERK
9/4/2014 3:19:49 PM
KATHY GALLEGOS
Kathy Gallegos

STATE OF NEW MEXICO
COUNTY OF CIBOLA
THIRTEENTH JUDICIAL DISTRICT COURT

ROBIN R. BONNER,

    Plaintiff,         No.: D-1333-CV-2014-00156

v.

DALLAS FROST

and

EMPIRE SOUTHWEST HOLDINGS INC.

and

TRAVELERS INSURANCE

    Defendants,

## COMPLAINT FOR PERSONAL INJURIES AND PUNITIVE DAMAGES

**COMES NOW**, the Plaintiff, Robin R. Bonner by and through her counsel of record, ELIAS LAW, P.C. (David Elias Idinopulos), and for her Complaint respectfully states herein as follows:

### Parties

1. The Plaintiff Robin Bonner, at all times pertinent hereto has been a citizen and resident of Cubero, New Mexico, County of Cibola.

2. The Defendant Dallas G. Frost ("Frost"), at all relevant times is known to reside at 16637 E. Frye Rd. Gilbert, Arizona 85297-7009, and, upon information and belief, may be served with process at that address.

3. The Defendant Empire Southwest Holdings, Inc. ("Empire"), at all relevant times, is an Arizona corporation maintaining offices at 1725 S. Country Club Dr., Mesa, Arizona



EXHIBIT A

85210. Said Defendant may be served with process in this action by delivery of summons and accurate copy of the Complaint to Stacey Kelly, Registered Agent, at that address.

4.    Defendant Travelers Insurance was at all relevant times the liability insurance carrier for the semi truck owned by Defendant Empire and operated by Defendant Frost. Pursuant to the holding in Raskob v. State Farm, Defendant Travelers Insurance may be named as a Defendant, and may be held responsible for the damages incurred by the Plaintiff, up to the limits of the insurance coverage obtained by Defendant Pacheco. Defendant Travelers may be served with process by service to the State of New Mexico Office of the Superintendent of Insurance, POB 1689 Santa Fe, New Mexico 87504.

**Facts**

5.    The accident which is the subject of this litigation occurred on or about September 6, 2011, in Cibola County, State of New Mexico on Interstate I-40 and mile post 114.

6.    At the time and place of the subject collision the Plaintiff, Robin R. Bonner was the driver of a 2008 Scion.

7.    At the time and place of the subject collision Defendant Dallas Frost negligently and carelessly operated a semi bearing the state of Arizona license plate number Y19485 owned by Empire Southwest Holdings, Inc. Defendant Frost was not paying attention when he struck the Plaintiff's vehicle from behind. As set forth herein, the subject collision was caused by the negligence and carelessness of Defendant Frost driving in the course and scope of his employment with Defendant Empire Southwest Holdings Inc.

8.    After striking the Plaintiff's vehicle, Defendant Frost continued driving and fled the scene of the accident.

9.    Plaintiff and her companion in the car, as soon as possible, got off the highway

and made a report of the accident at the nearest New Mexico State Police post.

### Liability of the Defendants

10. At all times pertinent hereto Defendant Frost was the agent, servant, and/or employee of Empire Holdings Corporation, Inc. and was acting within the course and scope of said agency, servitude, and/or employment. This relationship renders Defendant Empire vicariously liable for the actions and inactions of Defendant Frost.

11. At all times pertinent hereto, Defendant Frost was operating said semi truck with the express of implied permission and authority of the owner of the semi truck, Defendant Empire

12. At all time pertinent hereto Defendant Frost had a duty to carefully and safely operate the Semi and further to comply with all applicable statutes and regulations relating to the operation of motor vehicles. Defendant Frost failed to comply with these legal duties and said failure was a substantial factor in causing the subject collision and the Plaintiff resulting in injuries.

13. In order that the Plaintiff may plead all causes of action and/or potential causes of action applicable to this loss, the Plaintiff states that in the event it is determined that Defendant Empire failed to adequately train and/or supervise the Defendant Frost or in the alternative that Empire Holdings Corporation, Inc. failed to properly equip or maintain the subject truck, said actions/inactions on the part of Defendant Empire. are pled as additional bases upon which relief may be granted to the Plaintiff.

14. Each Defendant's negligence includes but is not specifically limited to the following:

    (a)    Reckless driving

   (b) Careless driving

   ( c) Leaving the scene of an accident.

15. In addition to common law negligence Defendant Frost and Defendant Empire may be deemed negligent *per se* and strictly liable to the Plaintiff s for their injuries and damages based upon each Defendant's failure to comply with the mandates of the following New Mexico statutes annotated:

   (a) NMSA 1978, § 66-8-118 - careless driving;

   (b) NMSA 1978, § 66-8-113 - reckless driving;

### Plaintiff's Damages

16. That as a result of the negligence of the Defendants, and each of them, the plaintiff was caused to suffer, and will continue to suffer.

17. That all the aforesaid injuries and damages were caused solely and proximately by the negligence of the Defendants.

18. As a direct proximate result of the negligence and carelessness of each Defendant, the Plaintiff has been injured and damaged. The monetary value of the Plaintiff's injuries and damages exceeds the minimum jurisdictional limits of this Court. The Plaintiff's injuries and damages may include, buy may not specifically be limited to, the following:

   (a) Medical bills and related expenses, past, present, and future;

   (b) Lost wages and impairment of earning capacity

   (c) Physical pain and mental suffering, past, present and future;

   (d) Miscellaneous inconvenience and expense, past, present, and future

### Punitive Damages

19. The Defendant's actions, in striking a car on a highway while in a semi, and then

leaving the scene of that accident, are so wilful, wanton, and reckless, that they justify an award of punitive damages.

### Jurisdiction, Venue, and Amount in Controversy

20. This Court has jurisdiction over the parties to and subject matter of this litigation. This Court is the appropriate venue for resolution of all disputes as between the parties hereto.

21. The Plaintiff seeks compensation in an amount *greater than* $25,000, but *less than* $75,000.

**WHEREFORE,** the Plaintiff respectfully prays this Court for relief as follows:

(a) For Judgement as against each Defendant in an amount exceeding the minimum jurisdictional limits of this Court together with all available interest at the maximum legal rate;

(b) For Plaintiff's costs incurred in pursuit of this action including attorney's fees to the extent permitted by the law; and

(c) For any and all other relief to which it may appear this Plaintiff is entitled including trial by jury.

Respectfully Submitted:

ELIAS LAW P.C.

**"/s/" David Elias Idinopulos**
David E. Idinopulos
111 Isleta Boulevard SW, Suite A
Albuquerque, NM 87105
(505) 221-6000
(480) 779-1329 facsimile

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/13/2015 4:41:26 PM
KATHY GALLEGOS
Pablita Cohoe

# SUMMONS

| District Court: THIRTEEN JUDICIAL CIBOLA COUNTY, NEW MEXICO P.O. Box 758 Court Address: 515 High Grants, New Mexico 87020 Court Telephone No: (505) 287-8831 | Case Number: No.: D-1333-CV-2014-00156  Assigned Judge: Camille Martinez Olguin |
|---|---|
| Plaintiff(s): Robin R. Bonner  v.  Defendant: Dallas Fronst and Empire Southwest Holdings, Inc. and Travelers Insurance | Defendant: Travelers Insurance c/o: Office of Superintendent of Insurance P.O. Box 1689 Santa Fe, NM 87504-1689 |

**TO THE ABOVE NAMED DEFENDANTS(S):** Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considering served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial on most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; 1-505-797-6066

Dated this 19 of December, 2014

Cheif Clerk , Kathy M. Gallegos
Deputy

/s/ Florene Abad

/s/ David Elias Idinopulos
David Elias Idinopulos
111 Isleta Blvd. SW, Suite A.
Albuquerque, NM 87105
(505) 221-6000


EXHIBIT B

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

# RETURN

STATE OF NEW MEXICO )
)ss.
COUNTY OF BERNALILLO )

I, being duly sworn on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in SANTA FE county on the 12 day of May 2015 by delivering a copy of this summons, with a copy of complaint, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ] to defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ] to the defendant by [mail] [courier service] as provided by Rule I-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of the complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant_____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at_____(*insert defendant's last known mailing address*) a copy of summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at_____ (*insert defendant's business address*) anf by mailing the summons and complaint by first class mail to the defendant at_____ (*insert defendant's last known mailing address*)

[ ] to _____, an agent authorized to receive service of process for defendant_____.

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant_____, (*used when defendant is a minor or an incompetent person*).

[✓] to Rose Ann Archuleta, (name of person), OFC OF THE Superintendant OF Insurance Exec Secty (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: 69 55

Signature of person making service

Title (*if any*) PRIVATE PROCESS SERVER

Subscribed and sworn to before me this 13 day of MAY, 2015

*Natasha Gonzalez*

Judge, notary or other officer
authorized to administer oaths

March 26TH 2016

Official title

[Notary Seal: State of New Mexico, Natasha Gonzalez, Notary Public]

**FILED**
1/6/2015   7:05:58 PM
Thirteenth Judicial District Court
Cibola County, NM

STATE OF NEW MEXICO
CIBOLA COUNTY
THIRTEENTH JUDICIAL DISTRICT COURT

ROBIN R. BONNER
V.
DALLAS FROST, ET. AL.                                           No. D-1333-CV-2014-00156

## NOTICE OF JUDGE REASSIGNMENT

The above referenced case has been reassigned to the Honorable Division IV Judge, District Judge, Thirteenth Judicial District. This reassignment is effective 1/6/2015.

KATHY GALLEGOS
CLERK OF THE DISTRICT COURT

By:_____
KATHY GALLEGOS
CHIEF CLERK

## CERTIFICATE OF SERVICE

I, the undersigned Employee of the District Court of Cibola County, New Mexico, do hereby certify that notice of this document was served pursuant to the service by publication requirements of NMRA 1-088.1(D).

| | |
|---|---|
| David Elias Idinopulos | Attn Elias Law Pc<br>111 Isleta Blvd Sw Ste A<br>Albuquerque Nm 87105 |
| Dallas Frost | 16637 E Frye Rd<br>Gilbert Az 85297-7009 |
| Empire Southwest Holdings Inc. | 1725 S Country Club Dr<br>Mesa Az 85210 |
| Travelers Insurance | C/o State Of Nm Office Of Superintendent Of Insurance<br>Pob 1689<br>Santa Fe Nm 87504 |

Dallas Frost
Empire Southwest Holdings Inc.
Travelers Insurance



EXHIBIT
C

**FILED**
1/6/2015  7:05:58 PM
Thirteenth Judicial District Court
Cibola County, NM


By: _____



November 5, 2014

Travelers Insurance
Attention: Brent Hill
P O Box 650293
Dallas TX 75265-0293

    Re.    Our client's    Robin Bonner
            Claim no. :    039-AB-EQW7881-A
            D/A-         09/06/2011

*Confidential Settlement Negotiations Pursuant to NMRE Rule 11-408*

Dear Claim Adjuster:

As you know, I represent Robin Bonner with regard to injuries she sustained as a result of an automobile accident on September 6, 2011. As Mrs. Bonner has reached maximum medical improvement, we are now in a position to begin settlement negotiations.

    **Occurrence**

On September 6, 2011 Mrs. Bonner was a driver in a vehicle that was traveling east on I-40, when they was pushed by your insured. The police officer indicated that apparent contributing factor was exessove speed and following too closely on your insured's behalf. Mrs. Bonner in no way, contributed to this accident. A copy of the accident report is enclosed for our easy reference.

    **Medical Treatment**

Mrs. Bonner was seen at Presbyterian Hospital with chief complaints of right hand, right shoulder and right sided neck pain.

    **Medical Expenses**

| | |
|---|---|
| Cibola General Hospital | $ 3,736.00 |
| Vista ER | $ 789.00 |
| Presbyterian Keseman | $ 4,554.00 |
| Radiology Associates | $ 329.00 |

ELIAS LAW P.C.
111 Isleta Blvd. SW, Suite A
Albuquerque, New Mexico 87105
(505)221.6000 Office (480)779.1329 Fax
Lourdesm@abogadoelias.com



EXHIBIT D



|  |  |
|---|---|
| **TOTAL** | $ 9,408. |

**Conclusion:**

In light of the medical expenses, Mrs. Bonner has authorized me to make a demand for settlement of her claim for **the amount of POLICY LIMITS**.

I am authorized to keep this offer open for fourteen (14) days from the date of this letter.

Once you have had an opportunity to review the enclosed documentation concerning Mrs. Bonner's claim, please call me in order t discuss settlement options.

Thank you for your prompt attention to this matter. I look forward to hearing from you.

Very truly yours,
*David Elias Idinopulos*
David Elias Idinopulos

DEI/lm
  Enclosure(s): Medical Records and bills
         Police Report

ELIAS LAW P.C.
111 Isleta Blvd. SW, Suite A
Albuquerque, New Mexico 87105
(505)221.6000 Office (480)779.1329 Fax
Lourdesm@abogadoelias.com

PRESBYTERIAN
Healthcare Services

BONNER, ROBIN R                                             Discharge Summary

MRN:    020723202         DOB: 05/21/1959  53 y  GENDER: F
Admit:  06/14/2012
Discharge: 06/15/2012                                       Dictation ID
                                                                  397732

Report of: NANCY ZYCH, PA

DIAGNOSES:
1. Cervical foraminal stenosis at C5-6, C6-7.
2. Status post lumbar fusion with continued low back problems.
3. Remote sepsis with tricuspid vegetation requiring tricuspid valve replacement.
4. History of asthma, smoker.
5. Hypothyroidism.

PROCEDURE:
Done on 04/16/2012 was a right foraminal decompression and LDR/ACDF at C5-6, C6-7.

HISTORY AND HOSPITAL COURSE:
Robin is a patient well-known to our practice, having previously undergone at L4-5 transforaminal fusion in February 2011. In June, she came into our office complaining of right hand, right shoulder, and right sided neck pain. She had an accident with resulting pain. It also was triggering some migraines and she was quite miserable. There were no relieving factors for her neck and she is not resting well. It is worse the more active she is.

Treatments tried previously to relieve symptoms included physical therapy. The patient underwent an MRI revealing some foraminal stenosis at C5-6, C6-7 and was therefore scheduled for bilateral disk replacement and fusion at those 2 levels.

The patient underwent the above noted procedure on 06/14/2012 without difficulty. Postoperatively, she had some heartburn. We started her back on her Prilosec. Her throat is sore of course. She is swallowing fairly well. Her voice is normal. She has a good grip bilaterally. Dr. Ray put her on a Medrol Dosepak and this afternoon if she feels comfortable, she will be allowed to go home. She has an appointment to return to see us in the clinic for x-rays and wound check. She has a prescription for her pain pills and knows to call for problems or questions.


NANCY ZYCH, PA


06/15/2012 07:50 AM
06/15/2012 08:16 AM   NTS
Job: 237780

cc: NANCY ZYCH, PA

Authenticated by NANCY E ZYCH, PA On 06/15/2012 04:23:13 PM


BONNER, ROBIN R                  020723202        0207232022151


EXHIBIT E

PRESBYTERIAN
Healthcare Services

BONNER, ROBIN R                                                              Operative Note

MRN:    020723202        DOB: 05/21/1959  53 y  GENDER: F
Admit:  06/14/2012
DOS:    06/14/2012                                                           Dictation ID
                                                                             396162

Report of: JOHN D RAY, MD

PREOPERATIVE DIAGNOSES:
Cervical degenerative disk disease, right cervical foraminal stenosis, cervical pain, right cervical radiculitis.

POSTOPERATIVE DIAGNOSES:
Cervical degenerative disk disease, right cervical foraminal stenosis, cervical pain, right cervical radiculitis.

PROCEDURE:
1. Right-sided cervical 5-6 and cervical 6-7 foraminotomy for neural decompression.
2. Cervical 5-6 and cervical 6-7 anterior decompression and interbody fusion.
3. Cervical 5-6 and cervical 6-7 anterior cage placement.
4. Cervical 5-6-7 anterior blade instrumentation.
5. Morselized local autograft.

SURGEON:
John Ray.

ASSISTANT:
Nancy Zych with exception of local bone graft assisted by Rebecca Lujan.

BLOOD LOSS:
50 mL

ANTIBIOTICS:
Ancef.

ANESTHESIA:
General endotracheal.

IMPLANTS:
A 7-mm high x 14 mm deep x 15.5 mm wide LDR convex spacers with the anterior instrumentation and Nanos combined with morselized local bone and local bone marrow.

FINDINGS:
There was no evidence of dura lacerations, CSF leakage, neural tremor, or other complication. Intraoperatively, we noted significant foraminal stenosis on the right at C5-6, worst in C6-7 consistent with preoperative MRI. We did not run into significant bleeding. What little epidural bleeding we ran into was easily controlled with Surgiflo. We used impulse neuro monitor throughout the case. We used an endotracheal tube monitor the recurrent laryngeal nerve.

INDICATIONS:
Ms. Bonner is an extraordinarily pleasant 53-year-old woman who did well with a prior lumbar surgery. She presents with right posterior cervical, radiating proximal more than distal upper extremity pain worsened with provocative

BONNER, ROBIN R                          020723202          0207232022151

maneuvers. Her MRI shows foraminal stenosis at C5-6, worse than 6-7 with degenerative disk changes posteriorly at 6-7 worse than 5-6. At 5-6, she does have more anterior osteophyte formation. The risks of the procedure including infection, bleeding, nerve damage, dural lacerations, CSF leakage, spinal headache, persistent or increased neck and extremity pain, numbness, weakness, loss of coordination, including loss of coordination of bowel and bladder, and a change of voice secondary damage to the recurrent laryngeal nerve and also potential damage to the viscera were discussed with her. She expresses understanding. She is extremely frustrated with the duration and intensity of her pain. She has failed extensive conservative measures. She very much wants to proceed.

DETAILS OF PROCEDURE:
Following appropriate consent, the patient was taken to the operating suite. She was intubated without complication. She received her Ancef, monitor leads and PlexiPulse boots were placed. She was positioned supine with the shoulders taped distally. A posterior cervical roll and all bony prominences were very cautiously padded. The neck area was sterilely prepped with ChloraPrep and draped in the standard sterile fashion. We let the ChloraPrep dry for about 10 minutes.

Fluoroscopy was brought in for localization. We entered over the projection of the C6 vertebral body sharply for about an inch and a half. I then dissected cautiously through the sub-q and then along the medial border of sternocleidomastoid and then laterally just inside the strap muscle fascia down to the adventitial tissue just superficial to the vertebra. That was divided with Kitners. A localization film confirmed our position and self-retaining retractors were placed after elevation of the longus colli, from C5-C7 medially.

The anterior osteophytes at 5-6 were taken with a Leksell rongeur. The nucleotomy was advanced with a 15-blade, small angled curettes and small Cobb elevator and Kerrisons and pituitaries. This took me back to the posterior osteophyte. I was able to make my way cautiously into the foramen with 0-0-0-0 small angled curet. I was then able to undercut that foraminotomy with a 2-mm Kerrison. We encountered very minimal epidural bleeding there that was easily controlled with Surgiflo, which was all irrigated out. The endplates were prepared with the rasps and curettes. I then fenestrated the endplates. Trials were passed just prior to fenestrating. The 7-mm high device was packed with the Nanos. After fenestrating the endplate with a high-speed bur, I resected some local bone from the vertebral bodies and combined that with the Nanos and impacted that in the position. The cage was secured with the anterior instrumentation provided by LDR.

We moved the retractor distally. The annulotomy and nucleotomy were accomplished in the same fashion. The right-sided foraminal decompression was accomplished in the same fashion. I fenestrated the endplates. I had less local bone here, but I did have more local bleeding bone. I packed that cage with the Nanos itself and let it to bleed through there. The cage was impacted into position. Again, the position was confirmed with fluoroscopy. The blade instrumentation was placed, secured and inspected. The wound was thoroughly irrigated. AP and lateral fluoroscopy showed appropriate cage and blade position. We had nice expansion of the interspaces. We had excellent hemostasis. The sub-q was closed with 2-0 Vicryl, the skin with Monocryl. A sterile dressing was applied.

I am going to keep the patient in the hospital for mechanical DVT prophylaxis, p.r.n. IV pain control, perioperative antibiotics, skilled nursing observation, mobilization with physical therapy as appropriate.

BONNER, ROBIN R                    020723202            0207232022151

JOHN D RAY, MD

06/14/2012 10:04 AM
06/14/2012 11:17 AM   NTS
Job: 236423

cc:   JOHN D RAY, MD

Authenticated by JOHN D RAY, MD on 06/25/2012 02:24:28 PM

# Robin R. Bonner
## v.
## Dallas Frost, et. al.

### CASE DETAIL

| CASE # | CURRENT JUDGE | FILING DATE | COURT |
|---|---|---|---|
| D-1333-CV-201400156 | Rael, Pedro G. | 09/04/2014 | GRANTS District |

### PARTIES TO THIS CASE

| PARTY TYPE | PARTY DESCRIPTION | PARTY # | PARTY NAME |
|---|---|---|---|
| D | Defendant | 1 | FROST DALLAS |
| D | Defendant | 2 | EMPIRE SOUTHWEST HOLDINGS INC. |
| D | Defendant | 3 | TRAVELERS INSURANCE |
| P | Plaintiff | 1 | BONNER ROBIN R. |

ATTORNEY: IDINOPULOS DAVID ELIAS

### CIVIL COMPLAINT DETAIL

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 09/04/2014 | 1 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | Tort: Personal Injury Auto |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|

### REGISTER OF ACTIONS ACTIVITY

| EVENT DATE | EVENT DESCRIPTION | EVENT RESULT | PARTY TYPE | PARTY # | AMOUNT |
|---|---|---|---|---|---|
| 05/13/2015 | SUMMONS RETURN | | P | 1 | |
| | Served May 12, 2015 to Rose Ann Archuleta | | | | |
| 01/06/2015 | NTC: JUDGE ASSIGNMENT | | | | |
| 12/19/2014 | | | | | |
| 09/16/2014 | | | | | |
| 09/04/2014 | OPN: COMPLAINT | | P | 1 | |
| | for Personal Injuries and Punitive Damages | | | | |

### JUDGE ASSIGNMENT HISTORY

| ASSIGNMENT DATE | JUDGE NAME | SEQ # | ASSIGNMENT EVENT DESCRIPTION |
|---|---|---|---|
| 09/04/2014 | Olguin, Camille Martinez | 1 | INITIAL ASSIGNMENT |
| 01/06/2015 | Judge, Division IV | 2 | Administrative Assignment |
| 01/20/2015 | Rael, Pedro G. | 3 | Administrative Assignment |



EXHIBIT F

STATE OF NEW MEXICO
COUNTY OF CIBOLA
THIRTEENTH JUDICIAL DISTRICT COURT

ROBIN R. BONNER,

    Plaintiff,

v.                                                                                       Cause No. D-1333-CV-2014-00156

DALLAS FROST

and

EMPIRE SOUTHWEST HOLDINGS INC.

and

TRAVELERS INSURANCE,

    Defendants.

## NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants in the above-styled matter, have filed a Notice of Removal in the United States District Court for the District of New Mexico.  A true and correct copy of the Notice of Removal is attached to this Notice as Exhibit "1."

    Electronically Filed,

    ALLEN, SHEPHERD, LEWIS & SYRA, P.A.

    */s/ E.W. Shepherd*
    E.W. Shepherd
    Jack W. Withem
    4801 Lang NE Suite 200
    Albuquerque, NM  87109
    Phone: (505) 341-0110
    *Attorneys for Defendants*



EXHIBIT G

This is to certify that a *copy* of the foregoing pleading was filed electronically through the Odyssey File/Serve System, which caused the following parties or counsel to be served by electronic means this ___ day of June, 2015, as more fully reflected on the Notice of Electronic Filing:

David Elias Idinopulos
111 Isleta Blvd. SW, Suite A
Albuquerque, NM 87105
Email: